L. C. ΓENNISON v. THE STATE.

No. 16441.   Delivered February 28, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*C. A. Miles, Jr.,* and *C. R. Wilson,* both of Liberty, for appellant.

*Clyde E. Smith, Dist. Atty.,* of Woodville, *C. B. Cain,* Co. Atty., of Liberty, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

The indictment charged rape by force, threats and fraud. The case was submitted to the jury under a charge defining rape by threats. We are unable to agree with appellant's contention that the evidence is insufficient.

Adele Mansell, the prosecuting witness, who was seventeen years of age, had been with appellant on several occasions. On the night of the assault she had gone with him to a recital which was being held in the school house. A little negro boy drove the car for appellant. After they had driven around for awhile, prosecutrix advised appellant that she had to go home, and he promised to take her home in a little while. Finally, he directed the negro boy to stop the car and pull over to the side of the road. He then ordered the negro to leave the car and go down the street. This frightened prosecutrix and she jumped out of the car and started to run. Appellant grabbed her and dragged her back in the car. She called to the negro to help her. As he responded, appellant grabbed an automobile jack and ran him off. She fought appellant. He picked up an automobile jack and threatened to knock her in the head. He threatened to kill her, saying he had a gun in the car. She believed he would carry the threat into effect. He finally succeeding in having an act of intercourse with her. Immediately upon reaching home, she reported the outrage to her mother. The foregoing was the version of prosecutrix. She was corroborated by the negro boy, who testified in part as follows: "He (appellant) told me to leave there and I left, the girl, she screamed, and she called me, she screamed, and I started back up there. He told me to leave and so I left and she kept on calling and she called me pitiful, and I went up there and he had a pump in one hand a crank in the other hand and the girl got behind me, and I tried to keep him off of her, and he told me to get away from there, and he drew that on me. He said he didn't want to have to knock me and her unconscious. He told us it didn't take but a minute to get to his pistol. I got away then. I could hear the girl screaming and hollering from where I was after I went away."

The mother of prosecutrix testified to the fact that her daughter came home crying and reported the outrage to her.

Testifying in his own behalf, appellant admitted the act of sexual intercourse, but said that prosecutrix gave her consent. A physician who, at the instance of appellant had examined prosecutrix shortly after the assault, was introduced as a witness by appellant. His testimony was to the effect that from his examination he was of the opinion that prosecutrix had had more than one act of intercourse. There was further testimony on the part of appellant and his witnesses that the clothing of prosecutrix was not torn or soiled.

Bill of exception No. 1 recites that prosecutrix was brought into the courtroom on a cot, from which she testified. The bill

is qualified by the trial court with the statement that the State sought a continuance of the case because of the physical condition of the prosecutrix, and that appellant resisted the application. Further, the bill is qualified to the effect that the court satisfied himself that the witness was unable to testify from the witness chair. We think the bill fails to reflect error.

Bill of exception No. 2 relates to appellant's exception to the manner in which the court submitted the affirmative defense. The court instructed the jury to acquit appellant if they believed prosecutrix submitted to the act of intercourse. The jury were also instructed that consent might be inferred from the acts and conduct of prosecutrix at the time, as well as from words spoken by her. The reasonable doubt was given in connection with the charge on the defensive issue. Under the facts revealed by the record, we are unable to reach the conclusion that the charge was too restrictive.

A careful examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Slight misstatements of immaterial matters in our original opinion, do not call for the granting of the rehearing.

We are still of opinion the testimony is sufficient to support the verdict. The averment in the indictment was of rape by force and threats. Proof that it was accomplished by either, would suffice. The girl swore to a rape by force and threats. The negro driver of appellant's car swore to facts showing both force and threats. In addition to what is set out in our original opinion of the testimony of said negro, we further note that he said: "This girl got behind me, and I tried to keep him off of her, and so I stepped aside and he grabbed her. * * * I am positive he had a crank in his hands. * * * I told him several times not to do that, not to hit the girl. He said he was going to knock her unconscious." This witness testified that he heard prosecutrix screaming and calling pitifully to him for help after appellant had ordered him away from the scene, and had drawn

a car crank on him with a threat as to what would happen if witness did not leave.

This court never has and can not in the very nature of things, lay down any rule requiring bruises, lacerations or wounds to be shown as necessary in order to substantiate a claim of force in the accomplishment of rape,—and certainly this must be kept in mind and be true when threats are alleged and proved as part of the accomplishment. This record evidences beyond question both force and threats accompanied by outcry; also immediate complaint when prosecutrix reached her home, followed by speedy arrest. Appellant himself testified: "I was arrested inside of thirty minutes." One of appellant's witnesses, a negro boy who was picked up by appellant after the alleged rape,—testified that when the girl got out of the car at her home appellant asked her when he could come back, and she said "Never come back here again. You had better get away from here as quick as possible."

We have again examined each of appellant's bills of exception and find in none of them any error presented. Appellant's insistence upon a trial when had, seems to have made necessary reception of the testimony of prosecutrix from a cot. Nothing in the record suggests that the illness making this necessary was attributable to the assault made by appellant. The alleged assault was in May; the trial in July. Other testimony showed that after the assault prosecutrix was up and about. We see no error in the rejection of the special charge asked by appellant instructing the jury not to be influenced by the fact that the witness gave testimony lying on a cot. A precedent such as is here sought to be established would require the giving of such instruction when any crippled witness gave testimony, or a witness suffering in any degree or in any stage from illness or injury, no matter what the cause.

The motion for rehearing will be overruled.

*Overruled.*