**Aaron Evert JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36780.**

Court of Criminal Appeals of Texas.

April 8, 1964.

Charles E. Benson, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Roy B. Johnson and William M. Laubach, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 1350, Vernon's Ann.P.C., upon an indictment for unlawfully and wilfully injuring public property; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

Art. 1350, supra, reads in part as follows:

"(1) (b) It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to· the State of Texas, any county, city, town, village, school district, or any other district or political subdivision of this State or any property belonging to any department, board, commission, or agency of the State or any such county, city, town, village, district, or political subdivision, of any kind whatsoever, without the consent of the person in charge of such property."

"(3) Whoever shall violate the provisions of Subdivision (1) hereof shall be punished as follows:

"(a) When the value of the property destroyed or the extent of the injury inflicted is of the value of Fifty ($50.00) Dollars, or over, he shall be confined in the penitentiary not less· than two (2) nor more than twenty (20) years.

"(b) When the value of the property destroyed or the extent of the injury inflicted is under the value of Fifty ($50.00) Dollars, he shall be fined not exceeding One Thousand ($1,000) Dollars or be confined in· the county jail for not more than one (1) year, or be both fined and imprisoned."

The indictment upon which appellant stands convicted, omitting the formal parts, in charging the primary offense, alleged that on or about the 10th day of July, 1963, the appellant in the county and state aforesaid did:

. "then and there unlawfully and willfully injure certain corporeal personal property, to-wit: One (1) commode, belonging to and owned by the City of Lubbock, a Municipal Corporation chartered under and by virtue of the· Laws of the State of Texas, injuring· said commode, causing the same to· break, said corporeal personal property being then and there of the value· of over Fifty and No/100 Dollars· ($50.00), and the said Defendant did then and there willfully injure said property without the consent of J. T. Alley, the person in charge of said corporeal personal property."

◼ The indictment is fundamentally defective because it does not allege that the property was destroyed, or the extent of injury to the property.

◼ Prior to the amendment of Art. 1350, supra, in 1951, it was the value of the

property, and not the extent of injury, which determined the punishment to be assessed. Beaufier v. State, 37 Tex.Cr.R. 50, 38 S.W. 608. Under the statute, as presently amended, the value of the property determines the punishment for destruction of the property. The punishment for injury to the property is determined by the extent of injury, whether over or under $50.

We are not unmindful of the fact that we inadvertently used the word "value" in Hamilton v. State, Tex.Cr.App., 346 S.W. 2d 123, but an examination of the record of such case reveals that the "extent" of the injury was alleged.

The indictment herein, which charged unlawful injury to the property and failed to allege the extent of injury was insufficient to charge an offense.

For such reason the judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the court.