Daniel Lyndon BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42456.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Dell Barber, Colorado City, for appellant.

Martin, D. Eichelberger, Dist. Atty., Kenneth H. Crow and Ronald R. Slaughter, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is destroying property belonging to another (Article 1350, Sec. 1(a), Vernon's Ann.P.C.); the punishment, 15 days in the county jail and a $300.00 fine.

Initially, appellant complains that the evidence is insufficient to sustain his conviction for destroying property since there is no testimony to show the property alleged was destroyed as opposed to injured and no testimony as to the value of the property allegedly destroyed. The State counters with the contention the conviction is for injuring property belonging to another and the evidence is sufficient for that purpose.

Article 1350, Sec. 1(a), supra, reads as follows:

"It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to another, of any kind whatsoever, without the consent of the owner and lienholder, if any, thereon."

Section 3(a) and (b) of said statute provides:

"(a). When the value of the property destroyed or the extent of the injury

inflicted is of the value of Fifty ($50.00) Dollars, or over, he shall be confined in the penitentiary not less than two (2) nor more than twenty (20) years.

"(b). When the value of the property destroyed or the extent of the injury inflicted is under the value of Fifty ($50.-00) Dollars, he shall be fined not exceeding One Thousand ($1,000.00) Dollars or be confined in the county jail for not more than one (1) year, or be both fined and imprisoned." [1]

In Jones v. State, Tex.Cr.App., 377 S.W. 2d 205, it was said:

"Prior to the amendment of Art. 1350, supra, in 1951, it was the value of the property, and not the extent of injury, which determined the punishment to be assessed. Beaufier v. State, 37 Tex.Cr.R. 50, 38 S.W. 608. Under the statute, as presently amended, the value of the property determines the punishment for destruction of the property. The punishment for injury to the property is determined by the extent of injury, whether over or under $50." [2]

There the indictment which charged unlawful injury to property and alleged the value of the property was held fundamentally defective because it did not allege that the property was destroyed or the extent of injury to the property.

Omitting the formal parts, the one-count information in the case at bar alleges the appellant

"on or about the 9th day of June A.D. 1968 did then and there unlawfully and wilfully attempt to injure and destroy and did wilfully injure and destroy certain property belonging to another, to wit: one 1964—2 door white Dodge Van by denting the body and breaking the antenna off of the said van belonging to Robert Fowler, of the value of under fifty dollars without the consent of the said Robert Fowler, the owner thereof, * * * "

Putting aside the question of duplicity, [3] it is observed that appellant contends the information charges in the conjunctive rather than in the disjunctive and hence alleges the completed offense of destruction of property and that it was for this offense that he was in fact convicted.

In support of his claim appellant calls attention to the words "Destruction of Private Property" endorsed on the backside of the information, to the fact that the court began its charge by informing the jury he was charged with "the offense of Destruction of Private Property under the value of $50.00," [4] and to the judgment

1. Thus it appears from the above quoted portion of the statute the Legislature intended to create (1) the offense of injuring the property of another, (2) the offense of destroying the property of another, (3) the offense of attempting to injure the property of another and (4) the offense of attempting to destroy the property of another. While we do not reach the question, it is noted that appellant contends the last two offenses listed above are offenses without penalties provided in view of the language of Sec. 3(a) and (b) of Article 1350, supra.

2. Nothing in the 1957 amendment to Article 1350 affects the decision in Jones v. State, supra.

3. See Steambarge v. State, Tex.Cr.App., 440 S.W.2d 68, where an indictment similar to the instant information was held good despite a claim of duplicity. It was noted, however, that the court eventually charged only on the completed offense of destroying property.

4. The court's charge, which is the subject of another ground of error claiming fundamental error, reads in part:
   "Now, therefore, you are instructed that if you find and believe from the evidence beyond a reasonable doubt that the Defendant, Daniel Lyndon Barber, on or about the 9th day of June, A.D., 1968, in McLennan County, Texas, did then and there unlawfully and wilfully attempt to injure and destroy and did wilfully injure and destroy certain property belonging to another, to wit: one 1964 two door white Dodge Van by denting the body and breaking the antenna off of the said

and the sentence which reflects a conviction for "Destruction of Private Property."

It is undisputed that there was no evidence showing that the 1964 Dodge Van was destroyed as distinguished from injured or damaged, nor was any evidence offered as to the value of the allegedly destroyed motor vehicle. Further, proof of damage or injury to property will not support a conviction under an information for the destruction of the property. See Stone v. State, 164 Tex.Cr.R. 380, 299 S.W.2d 304.

If appellant's conviction is, as he contends, for destroying or for destruction of property belonging to another, then the conviction cannot stand, for the evidence is insufficient. Gallardo v. State, 167 Tex. Cr.R. 511, 321 S.W.2d 581.

The State, nevertheless, maintains the information sufficiently charged appellant with wilfully injuring property and the evidence sustains a conviction for that offense. Recognizing that the information for wilfully injuring property of another is fatally defective unless there is an allegation as to the extent of the injury or damage, the State would have us read the allegation "of the value of under fifty dollars" as having reference to the injury inflicted or damage done rather than having reference to the value of the property alleged.

A close reading of the information reflects that the phrase "of the value of under fifty dollars" has reference to "the said van" and "the said van" has reference to the "1964 2-door white Dodge Van" earlier alleged. We cannot conclude "of the value" has reference to "by denting the body and breaking the antenna off

* * *" so as to allege the extent of the injury inflicted. Therefore, we cannot agree with the State's contention.

In Lacy v. State, Tex.Cr.App., 412 S.W. 2d 911, this Court wrote:

"As read to the jury, the indictment alleged that appellant did wilfully and mischieviously and without the consent of the owner 'injure and destroy certain property, to wit, drapes, windows, gas light, window air conditioners, rugs, and walls' by 'cutting, tearing, ripping, and breaking the same and defecating upon the said rugs, inflicting damage and injury to the same of the value of over $50.00.' "

The Court there held that the extent of the injury was sufficiently alleged to support a conviction for injuring property belonging to another, and that it was not necessary that the extent of the injury to each article of property be alleged.

In view of the clear cut allegation as to the damage and injury inflicted, Lacy is not, however, authority for the State's position in the instant case.

The present information is fatally defective since it does not allege the extent of the injury and a conviction for injuring the property of another cannot be sustained thereunder.[5] Jones v. State, supra.

We recapitulate. As we view it, the conviction is for destroying property of another. The evidence is, however, insufficient to support the jury's verdict for such conviction.

If it can be argued the conviction is for injuring the property of another, then we

---

Van belonging to Robert Fowler, of the value of under Fifty Dollars, without the consent of the said Robert Fowler, the owner thereof, then you will find the Defendant guilty. If you do not so find and believe, or if you have a reasonable doubt thereof, then you will find the Defendant not guilty."

Only a general verdict was returned.

5. For this reason we need not consider the sufficiency of the evidence to sustain a conviction for injuring property of another.

conclude the information is defective and will not sustain a judgment of conviction for that offense.

For either reason, the judgment is reversed and the cause remanded.