**Nolton HUNGERFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44439.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Bob C. Hunt, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ronald G. Woods, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant entered a plea of nolo contendere to the court on April 16, 1969, on a charge of assault with intent to murder. The punishment was assessed at five years and appellant was placed on probation. No appeal was taken from this conviction.

One of the conditions of probation was that he violate no laws of the State of Texas.

On October 9, 1970, a hearing was held on the state's first amended petition to revoke probation in that the appellant had violated the above condition of his probation.

Appellant's sole complaint on appeal is "the judgment and sentence which is the basis for appellant's present confinement is void on its face in that it does not reflect that appellant was guilty of any offense against the laws of the State of Texas." The judgment reflects "the defendant having been indicted in the above numbered and entitled cause for the felony offense of assault to . murder . . . the court . . . finds the defendant guilty of the offense of assault to murder . . ."

This is a collateral attack upon the judgment and sentence upon which the probation was granted and is without merit. McAlpine v. State, 462 S.W.2d 315 (Tex.Cr. App.1971); Higdon v. State, 436 S.W.2d 541 (Tex.Cr.App.1968); Hoskins v. State, 425 S.W.2d 825 (Tex.Cr.App.1967); Campbell v. State, 420 S.W.2d 715 (Tex.Cr.App. 1967); Chavez v. State, 375 S.W.2d 729 (Tex.Cr.App.1964).

The order revoking probation is affirmed.

ODOM, J., not participating.