**Ex parte Benel ROBERTS.**

**No. 47975.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

Ray J. McQuary, Rosharon, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus in which the petitioner, an inmate in the Texas Department of Corrections, seeks relief from confinement.

Petitioner was convicted of the offense of "willfully and mischievously injuring personal property", on his plea of guilty to the court, and assessed a ten year probated sentence on October 4, 1970. On August 18, 1971, petitioner's probation was revoked and he was sentenced to ten years in the penitentiary. No appeal was taken from either the original trial or the probation revocation.

Petitioner filed his application for writ of habeas corpus with the trial court, alleging numerous grounds of relief, one of which was that the indictment in this case was fatally defective. The trial court found that the indictment was so defective, and recommended that the writ be granted.

In view of our disposition of this case, we do not feel that it is necessary to give an extended discussion as to the merits of petitioner's claims. We are of the opinion that the allegation raised by the petitioner cannot, and should not, be raised by way of a collateral attack in post conviction habeas corpus proceeding after the conviction has become final.

In the case at bar, indictment alleged that the petitioner on October 12, 1969, did then and there:

" . . . unlawfully and willfully and mischievously injure certain personal property then and there over the value of fifty (50) dollars; the same being then and there an automobile then and there the property of Early · Wesley by then and there breaking the back glass with a rock."

There is authority for the proposition that such an indictment is fatally defective since it fails to allege the extent of injury and therefore does not allege an offense under Texas law. See Jones v. State, Tex.Cr.App., 377 S.W.2d 205. We agree with the trial court that the indictment was defective, but it is obvious that the indictment was not *void ab initio*.

This court has continually ruled that a habeas corpus attack is a very limited remedy and only provides relief under certain circumstances. We have held that an inmate cannot attack the sufficiency of the evidence to support a guilty plea after his conviction becomes final. See Ex parte Taylor, Tex.Cr.App., 477 S.W.2d 582. We have held that an inmate cannot challenge the sufficiency of a search warrant affidavit in habeas corpus proceeding when he failed to do so on direct appeal. See Ex parte Kirby, Tex.Cr.App., 492 S.W.2d 579. We have held that an inmate cannot claim that the mandatory provisions of Article 26.04, Vernon's Ann.C.C.P. should be made applicable in a habeas corpus attack, even though such complaint in a direct appeal would be fundamental error, requiring reversal. See Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666.

In the case at bar, petitioner entered a plea of guilty to the charge in the indictment, and there is nothing in this record to show that appellant ever objected to this indictment. Appellant failed to take an appeal after he was granted probation, and he also failed to appeal his probation revocation proceeding. Under the circumstances, we are of the opinion that appellant has clearly waived his right to challenge a defective indictment. There is no claim that appellant was denied adequate notice of the charges against him, that his plea was involuntary or without sufficient understanding, or that the improper wording of the indictment violated any of petitioner's rights to due process or equal protection of the law. We do not feel constrained to reverse the conviction on habeas corpus merely because of the improper wording of an indictment, without a showing that the petitioner therein was harmed thereby. There has been no showing in this case.

The writ is denied.