Don Howard STANDLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 48489.

Court of Criminal Appeals of Texas.

Jan. 15, 1975.

Clifford W. Brown, Lubbock, for appellant.

Guy Hardin, Dist. Atty., Pampa, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On September 12, 1966, the appellant entered a plea of guilty before the court to the offense of conversion by bailee (Article 1429, Sec. 1, Vernon's Ann.P.C.1925) and was assessed a punishment of six (6) years. The imposition of sentence was suspended, however, and the appellant was placed on probation subject to certain conditions, among which are found:

" * * *

"d. Report to the Probation Officer as directed;

" * * *

"g. Remain within the limits of Lippscomb County, Texas, unless given permission to leave therefrom;

" * * *"

On February 26, 1971, a motion to revoke probation was filed alleging violation of the above described probationary conditions. A warrant was then issued by

the court. The appellant was not arrested, however, until May 2, 1973. A hearing was held on the revocation motion on May 16, 1973, at the conclusion of which the court found that the appellant had violated the probationary conditions as alleged in the revocation motion filed prior to the expiration of the probationary period.[1]

Appellant contends the court abused its discretion in revoking probation, alleging (1) the evidence is insufficient to warrant revocation; (2) the probation officer had no authority to alter probationary conditions; and (3) the court illegally delegated its responsibility to set such conditions.

In this connection appellant urges that the probationary condition "Report to Probation Officer as directed" was vague and uncertain, not informing him when or how frequently he was to report. He cites De Leon v. State, 466 S.W.2d 573 (Tex.Cr.App.1971); Campbell v. State, 420 S.W.2d 715 (Tex.Cr.App.1967); Cotton v. State, 472 S.W.2d 526 (Tex.Cr.App.1971). He also contends the other probationary condition was vague and uncertain, as it did not advise him whose permission he had to seek if he desired to leave Lipscomb County.

We need not reach appellant's contentions, as we observe that the indictment upon which appellant's conviction rests is fundamentally defective in that it does not allege the value of the station wagon converted.

■ Article 1429, Sec. 1, Vernon's Ann.P.C. (conversion by bailee), reads:

"Any person having possession of a motor vehicle, trailer, equipment, or tool, or any other personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same shall be guilty of theft, and shall be punished as for theft of like property."

Article 1421, Vernon's Ann.P.C.1925, provides:

"Theft of property of the value of fifty dollars or over shall be punished by confinement in the penitentiary not less than two nor more than ten years."

Article 1422, Vernon's Ann.P.C., provides:

"Theft of property under the value of fifty dollars and over the value of five dollars shall be punished by imprisonment in jail not exceeding two years, and by fine not exceeding five hundred dollars, or by such imprisonment without fine; theft of property of the value of five dollars or under shall be punished by a fine not exceeding two hundred dollars."

It is well established that the value of the property must be alleged if it affects penalty. 5 Branch's Ann.P.C., 2d ed., Sec. 2674, p. 120.

In 30 Tex.Jur.2d, Indictment and Information, Sec. 38, p. 604, it is written:

"An indictment or information should allege every fact which may affect the degree or kind of punishment. A prior conviction must be alleged where a higher penalty is sought by reason of such

---

1. The revocation motion having been filed and warrant issued for appellant's arrest prior to expiration of the probation period, the hearing conducted after expiration of such period but shortly after arrest was proper under the circumstances. See Ex parte Fennell, 162 Tex.Cr.R. 286, 284 S.W.2d 727 (1955); Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962); Stover v. State, 365 S.W.2d 808 (Tex.Cr.App.1963); Ortega v. State, 414 S.W.2d 465 (Tex.Cr. App.1967); Bobo v. State, 479 S.W.2d 947 (Tex.Cr.App.1972); Bryant v. State, 496 S. W.2d 565 (Tex.Cr.App.1973). In such cases, however, the right of the court to revoke is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period. McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (1958); Cox v. State, 445 S.W. 2d 200 (Tex.Cr.App.1969) (Concurring Opinion).

conviction; *the value of property must be stated where it is made the basis of punishment*; and the injury done to the owner of property must be averred where the amount of injury is an essential element in the punishment." (Emphasis Supplied)

In Hawkins v. State, 383 S.W.2d 416 (Tex.Cr.App.1964), this court said in a prosecution under Article 1429, Sec. 1, Vernon's Ann.P.C.:

"Without such an allegation the punishment cannot be determined." See also Price v. State, 165 Tex.Cr.R. 326, 308 S. W.2d 47 (1957), and cases cited.

 It is clear from what has been said that the indictment in the instant case is fundamentally defective for the failure to allege value. The indictment omits a necessary element of the offense attempted to be alleged, does not show whether it was a misdemeanor or felony, and there is no way to determine from the face of the indictment if the District Court of Lippscomb County had jurisdiction of the offense sought to be alleged. We conclude that the judgment of the conviction based thereupon is void, rather than voidable.[2]

 It is true that appellant did not appeal when he was placed on probation, as he had a right to do. See Article 42.12, Sec. 8, Vernon's Ann.C.C.P. And it is true the general rule is that failure to appeal when placed on probation waives the right of review. Hoskins v. State, 425 S. W.2d 825 (Tex.Cr.App.1968) (Opinion on appellant's Motion for Rehearing and cases there cited); Hungerford v. State, 474 S. W.2d 242 (Tex.Cr.App.1971), and cases there cited. However, in Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972), another look was taken at the general rule when fundamental error was involved. *Ramirez* involved an appeal from an order revoking probation which had been granted following a conviction for child desertion, subsequent offense. The record reflected that the misdemeanor offense (child desertion) upon which the subsequent felony offense was based was void because at the time Ramirez was without counsel, was indigent and did not waive the right to counsel. In the *Ramirez* opinion this court stated:

"Ordinarily, collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel. To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing. See Smith v. State, 486 S.W.2d 374 (Tex.Cr.App.1972)."

*Ramirez* has been followed in Martinez v. State, 494 S.W.2d 545 (Tex.Cr.App. 1973), and Perkins v. State, 504 S.W.2d 458 (Tex.Cr.App.1974), where on appeals from revocation of probation orders this court considered the failure to comply with Article 26.13, Vernon's Ann.C.C.P., at the time of the original conviction in admonishing the defendant upon his plea of guilty or nolo contendere.

 We follow *Ramirez, Martinez,* and *Perkins* in the instant case as we conclude appellant could successfully attack his conviction in a separate habeas corpus proceeding.

The indictment here is fundamentally defective because without allegation of the value of the property taken there is no way to determine if the District Court of Lipscomb County, where the conviction occurred, had jurisdiction and no way punishment could be properly determined. The indictment is clearly void ab initio as it fails to state an offense and would be subject to attack by a habeas corpus proceeding.

2. It is observed that at the time of the conviction the trial judge then in office considered the offense as a felony and assessed six years in the Texas Department of Corrections as punishment.

To the extent that Ex parte Roberts, 502 S.W.2d 802 (Tex.Cr.App.1973), is in conflict with this decision, it is overruled.[3]

The judgment is reversed, the cause remanded, and the prosecution ordered dismissed.

ODOM, Judge (concurring).

I concur in the opinion of the majority that the question of whether the indictment fails to allege an essential element of the offense may be considered as may be the question of whether the defect renders the indictment fundamentally defective.

Were the question of the value of the property merely a question of notice, the defect would have been waived. But as we stated in Shane v. State, 513 S.W.2d 579 (Tex.Cr.App.1974), involved is not merely a question of notice, but rather, an essential element of the offense alleged. If the charging instrument as drafted fails to allege some essential element, then no offense is alleged and no conviction may rest thereon.

Likewise, in American Plant Food Corporation v. State, 508 S.W.2d 598 (Tex. Cr.App.1974), we stated:

"If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon. If it does not so allege, then it is utterly insufficient and any conviction based thereon is void. A void conviction may be challenged at any time . . . ."

See also Articles 27.08 and 27.09, V.A.C.C. P., and the discussion thereof in American Plant Food Corporation, supra.

I therefore concur.

ROBERTS, Judge (dissenting).

I must dissent from that portion of the majority opinion which seeks to overrule the case of Ex parte Roberts, 502 S.W.2d 802 (Tex.Cr.App.1974), an opinion handed down by a *unanimous Court*.

The question presented in Ex parte Roberts, supra, is not before the Court in the instant case which involves an appeal from a revocation of probation. No such appeal was taken in Ex parte Roberts, supra.

Ex parte Roberts did not involve a situation in which an objection at the time would have been unavailable because the cases creating the ground of objection had not been decided. Compare Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972). It was not a situation in which a statutory condition precedent to the validity of some action had been created by the Legislature. Compare Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972).

Ex parte Roberts, supra, did involve a situation in which a glaring defect in the State's pleading was not only waived at trial but was twice waived on opportunity for appeal. It was a situation in which the accused pled guilty, never urged any contention that his plea was involuntary or that any of his substantial rights were violated, and never contended that his plea

---

3. In Ex parte Roberts, supra, it was held that an indictment for unlawfully injuring personal property which did not allege extent of injury was defective, but not void ab initio, and that Roberts could not successfully challenge the defective indictment by habeas corpus proceedings. In Jones v. State, 377 S.W.2d 205 (Tex.Cr.App.1964), an indictment with the same defect was held to be "fundamentally defective" since allegations as to the extent of injury were necessary for a determination of the punishment to be assessed. Although *Jones* was cited in *Roberts*, it was held the indictment was not void ab initio, apparently overlooking the statement in *Jones* that, *"The indictment herein, which charged unlawful injury to the property and failed to allege the extent of injury was insufficient to charge an offense."* (Emphasis Supplied). See also Barber v. State, 449 S.W.2d 53, 55 (Tex.Cr.App.1969).

was made without adequate notice. It was, in short, a situation in which there was no showing of injury and in which almost everything possible had been done to waive the error.

I am convinced that the decision in Ex parte Roberts, supra, was correct, and that the majority goes to unnecessary lengths in order to overrule it. I dissent.

MORRISON, J., joins in this dissent.