**Ex parte Benel ROBERTS.**

**No. 50202.**

Court of Criminal Appeals of Texas.

May 7, 1975.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

Ray J. McQuary, Rosharon, for Roberts.

OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P.

The record reflects that petitioner was convicted of the offense of wilfully and mischievously injuring personal property on October 4, 1970, in the Third Judicial District Court of Henderson County. His punishment was assessed at ten (10) years, probated. On August 18, 1971, his probation was revoked and he was sentenced to ten (10) years in the Department of Corrections.

Petitioner subsequently filed a post-conviction habeas corpus application in the convicting court, alleging, among other things, that the indictment under which he was convicted was fatally defective since it did not allege the extent of the injury. The trial court so found, but this court in Ex parte Roberts, 502 S.W.2d 802 (Tex.Cr.App.1973), denied relief, holding that the allegation could not be successfully raised by collateral attack after the conviction had become final.

In Ex parte Standley, 517 S.W.2d 538 (Tex.Cr.App.1975), this court held that a fatally defective indictment could be collaterally attacked where there was a failure to allege the value of the property assertedly converted if the value affects the penalty. To the extent of the conflict, Ex parte Roberts, supra, was overruled.

In footnote #3 of the *Standley* opinion it was observed that in Jones v. State, 377 S.W.2d 205 (Tex.Cr.App.1964), this court held the failure to allege the extent of the injury in an indictment for unlawfully injuring personal property was "fundamentally defective" since the allegations as to the extent of the injury were necessary for a determination of the punishment to be assessed. In *Jones* this court said, *"The indictment* herein, which charged unlawful

injury to the property and failed to allege the extent of injury *was insufficient to charge an offense."* (Emphasis Supplied). See also Barber v. State, 449 S.W.2d 53, 55 (Tex.Cr.App.1969).

On March 28, 1975, the United States District Court, Eastern District of Texas, Tyler Division (Fisher, J.), entered an order in Roberts v. Estelle, Cause #TY– 74–120–CA (a federal habeas corpus proceeding), that the petitioner was entitled to the relief he sought, but that a summary judgment should not be entered as indicated by Francisco v. Gathright, 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974), but in the best interests of the parties and the comity of the two jurisdictions the matter should be handled by the State District Court of Henderson County.

In such latter court, further proceedings were taken in accordance with Article 11.07, Vernon's Ann.C.C.P., and the record was forwarded to this court with the trial court's findings of fact and conclusions of law. In such findings the trial court determined that the indictment did not allege the extent of the injury to the personal property and that failure to so allege rendered the indictment fatally defective, as the extent of the injury was necessary for a proper determination of punishment, citing Jones v. State, supra. The record supports these findings and conclusions.

We conclude that the petitioner is entitled to the relief he seeks and is entitled to be released from the Department of Corrections, and prosecution under such indictment is ordered dismissed.

It is so ordered.

MORRISON, Judge (dissenting).

I dissent for the reasons set forth in the dissenting opinion of Judge Roberts in Standley v. State, Tex.Cr.App., 517 S.W.2d 538, in which I joined.

ROBERTS, J., joins in this dissent.