James Derwood WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55902.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 27, 1980.

Rehearing Denied April 23, 1980.

---

Lawrence T. Newman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Donald R. Stricklin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for criminal mischief. Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. The sufficiency of the evidence is not challenged.

The appellant's first three grounds of error pertain to alleged fundamental defects in the indictment. In ground of error number one, the appellant contends that the primary count of the indictment omits an essential element of the offense. The of-

fense of criminal mischief is set out in Section 28.03 of the Penal Code as follows:

"(a) A person commits an offense if, without the effective consent of the owner:

(1) he intentionally or knowingly damages or destroys the tangible property of the owner; or

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person.

(b) An offense under this section is:

(1) a Class C misdemeanor if:

(A) the amount of pecuniary loss is less than $5; or

(B) except as provided in Subdivision (4)(b) of this subsection, it causes substantial inconvenience to others;

(2) a Class B misdemeanor if the amount of pecuniary loss is $5 or more but less than $20;

(3) a Class A misdemeanor if the amount of pecuniary loss is $20 or more but less than $200;

(4) a felony of the third degree if:

(A) the amount of pecuniary loss is $200 or more but less than $10,000;

(B) regardless of the amount of pecuniary loss, the actor causes impairment or interruption of public communication, public transportation, public water, gas, or power supply, or other public service;

(C) regardless of the amount of pecuniary loss, the property is one or more head of cattle, horses, sheep, swine, or goats;

(D) regardless of the amount of pecuniary loss, the property was a fence used for the production of cattle, horses, sheep, swine, or goats; or

(E) regardless of the amount of pecuniary loss, the damage or destruction was inflicted by branding one or more head of cattle, horses, sheep, swine, or goats.

(5) a felony of the second degree if the amount of the pecuniary loss is $10,000 or more."

The indictment in this case states, in pertinent part, that:

"James Derwood Williams, hereinafter referred to as the Defendant, heretofore on or about July 23, 1974, did then and there unlawfully commit an offense hereafter styled the primary offense in that he did intentionally and knowingly *tamper* with a telephone without the effective consent of Fred Bolton, the owner, and *cause impairment and interruption of a public service, namely, telephone communication.*" (Emphasis added)

The appellant maintains that Subsection (b)(4)(B) of Section 28.03, supra, does not remove the need to allege either pecuniary loss or substantial inconvenience. The appellant relies on *Jones v. State*, 377 S.W.2d 205 (Tex.Cr.App.1964). In *Jones*, supra, the defendant was indicted for unlawfully and willfully injuring public property. The case was reversed because under the statute in effect at the time, the value of the property determined the punishment for *destruction* of the property and punishment for *injury* to the property was determined by the extent of the injury. The indictment in the *Jones* case was not sufficient to charge an offense because it charged unlawful *injury* to the property and failed to allege the extent of the injury.

We agree with appellant that the nature of the injury, or the type of harm, must be alleged to charge an offense under Sec. 28.03, supra. However, the statute provides that the knowing and intentional tampering with the tangible property of the owner or a third person without the owner's consent is an offense even if it does not cause pecuniary loss. In this case, the type of harm caused by appellant was the impairment or interruption of telephone communications.

As the practice commentary to this section notes, the prior law has been expanded

by Subsection (a)(2) of Sec. 28.03, supra, to include "tampering" with property. It states that,

"conduct that falls short of damaging the property but nevertheless *interferes* with the owner's proprietary rights or abuses the property in a way that diminishes its value." (Emphasis added)

The commentary also provides that:

"[W]hen tampering is involved and no pecuniary loss results, the offense is a Class C misdemeanor. If the conduct impairs or interrupts a public service, it is a third-degree felony."

Since impairment or interruption of public communications is a felony of the third degree even if no pecuniary loss results, it is apparent that Subsection (4)(B) was intended to be a type of "substantial inconvenience," which warranted greater penalty.

Article 21.02, Vernon's Ann.C.C.P. sets forth the requisites of an indictment. One requirement is that the offense must be set forth in plain and intelligible words. We find that the indictment in this case is in compliance with Article 21.02, supra. This ground of error is overruled.

■ In ground of error number two, the appellant contends that the indictment is fundamentally defective in that the enhancement paragraphs do not allege that both previous convictions were final before the commission of the primary offense. The enhancement paragraphs of the indictment provide:

"Before the commission of the primary offense on May 8, 1964, in Cause No. 109088, in the Criminal District Court No. 3 of Harris County, Texas, the defendant was convicted of the felony of Robbery by Assault.

Before the commission of the primary offense, and after the conviction in Cause No. 109088 was final, the Defendant committed the felony of Attempted Burglary and was convicted on August 13, 1969, in Cause No. 135466, in the 176th District Court of Harris County, Texas."

In *Scott v. State*, 553 S.W.2d 361 (Tex.Cr. App.1977), this Court reaffirmed the rule that "the averment in an indictment that a defendant has been convicted is sufficient to charge the finality of the alleged prior conviction." See *Martinez v. State*, 163 Tex.Cr.R. 10, 288 S.W.2d 71 (1956). The Court in *Scott v. State*, supra, quoted from *Broughton v. State*, 148 Tex.Cr.R. 445, 188 S.W.2d 393 (1945), stating:

"*A conviction means a final conviction.* If the conviction was not final, it could be shown as a matter of defense." (Emphasis original).

We find that the enhancement paragraphs of the indictment are not fundamentally defective. This ground of error is overruled.

■ In ground of error number three, the appellant contends that he was denied his constitutional right of due process in that there was no evidence that the prior convictions alleged for the purpose of enhancement were final. The record reflects that penitentiary packets were introduced into evidence. A fingerprint expert testified that the fingerprints of the appellant matched the fingerprints contained in the penitentiary packets. We have held that if a conviction relied on for enhancement is urged not to be final, it is a matter of defense subject to proof. *Scott v. State*, supra; *Gardner v. State*, 486 S.W.2d 805 (Tex.Cr.App.1972). The appellant did not testify or offer any evidence attacking the finality of the conviction. This ground of error is overruled.

■ Appellant complains in ground of error number four that the trial court erred when it allowed State witness Janice Siford to testify because the witness was seen talking to a juror prior to the beginning of the trial. The conversation consisted of the witness asking the juror if he knew her father, mistakenly believing that the juror was employed at the same place as her father. The juror replied that he did not. The trial court conducted a hearing and

ascertained that the case was not discussed. The juror stated that the ·exchange would not affect his ability to serve as a juror in any way. The appellant's attorney moved for a mistrial, stating:

"Your Honor, at this time the Defendant, due to the facts that have transpired here in open court wherein one of the Chief Witnesses of the State approached a Juror after he had been sworn says that this has created such a prejudice which can not be corrected by an instruction to this Juror, and it would deny this Defendant the right to a fair trial, and at this time we would move for a mis-trial."

The prosecutor then asked:

"Would it correct the error if I didn't call Miss Siford as a witness, Your Honor?

MR. JOHNSON [Defense Counsel]: Sure.

THE COURT: I don't think there was any error, I am just trying to decide this with a great deal of caution. Call the Jury Room and see if we can get another Jury Panel?"

The Bailiff notified the court that there were no other jury panels available. The court then overruled the appellant's motion for a mistrial. After the defense rested its case, the State called Janice Siford to testify in rebuttal. There were no objections to her testimony.

■ We find that no harm has been shown regarding the witness' brief exchange with the juror. The trial court did not err in denying the appellant's motion for mistrial. See *Wilkes v. State,* 566 S.W.2d 299 (Tex.Cr.App.1978); *Blackwell v. State,* 510 S.W.2d 952 (Tex.Cr.App.1974). Furthermore, the failure to object to Siford's testimony waived any error in the admission of the evidence. *Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App.1978); *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976). This ground of error is overruled.

Appellant's fifth ground of error is as follows:

"Counsel for appellant (appointed for appeal only) respectfully calls to the Court

for their consideration the objections to the charge to the Jury made in writing by Trial Counsel prior to said charge being read to the jury."

There is no discussion or argument in appellant's brief concerning this complaint, and error is not presented. Article 40.09, Sec. 9, Vernon's Ann.C.C.P.; *Williams v. State,* 535 S.W.2d 637 (Tex.Cr.App.1976). We have examined the objections to the charge, however, and no error is shown. The ground of error is overruled.

■ In ground of error number six, appellant requests that the Court consider "the objection of Trial counsel to the admitting into evidence of State's Exhibit Number one." Again, this ground of error is not in compliance with Article 40.09, Sec. 9, supra. We find, however, upon examination of the merits of this contention, that State's Exhibit Number One consists of two tire tools. Officer C. H. Stewart testified that when he approached the phone booth, he observed two black males inside, each with a tire tool in their hands. Stewart identified the appellant as the man prying open the phone box. Officer Norman Dean Graves testified that he obtained the tire tools from Officer Stewart at the scene of the offense, and took them to the property room at the police station, where he tagged them in the case. The tools were offered into evidence after Graves identified the tire tools in Exhibit Number One as the ones that he tagged that night. Appellant's counsel objected on the ground that the proper predicate had not been laid. This objection was too general to preserve error. See *Boss v. State,* 489 S.W.Cr.App.1973). The ground of error is overruled.

The judgment is affirmed.