**James Montgomery MARSHALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0073–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1982.

William Rosch, III, Houston, for appellant.

Patricia Saum, Houston, for appellee.

Before PRICE, WARREN and DOYLE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a conviction for the offense of criminal mischief. After a jury trial, and pursuant to appellant's election, the court sentenced the appellant to confinement in jail for sixty days to be probated for one year and assessed a fine of $100.00.

The only question presented for review is whether the trial court erred in refusing to grant the appellant's motion to set aside the information.

The complained of information, omitting the formal parts, charged that:

James Montgomery Marshall, hereafter styled the defendant, heretofore on or about September 26, 1981, did then and there unlawfully, intentionally and knowingly damage tangible property, namely, one windshield, owned by NANCY DENISE FERGUSON, a person having a greater right to possession of the property than the defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely without any consent of any kind, and the value of the pecuniary loss so inflicted was over twenty dollars and under two hundred dollars.

While the information is regular on its face and follows the prescribed statutory language, it is appellant's contention on appeal that it does not adequately apprise him of that which he is to defend against.

The record reflects that on January 6, 1982, the appellant filed a written motion to set aside the information which stated:

The information herein is fatally defective since it fails to allege the extent of injury and therefore does not allege an offense under Texas law. *Ex Parte Roberts,* 502 S.W.2d 802 (Tex.Cr.App.); *Jones v. State,* 377 S.W.2d 205 (Tex.Cr.App.).

The trial court's ruling denying this motion appears on the face of the motion.

The record further reflects that immediately prior to trial and after he announced ready, the appellant's counsel made an oral motion to set aside the information because it did not allege the nature of the damage to the windshield that was caused by the appellant. The appellant argues before this court that the written motion to set aside the information is sufficient to put into effect all oral motions to set aside the information, regardless of whether they are contained in the written motion. We disagree.

In the present case, the written motion and the oral motion address two different problems, and it is clear that one does not include the other. The written motion

addresses the "extent" of the inquiry to the windshield and calls our attention to two cases. *Ex Parte Roberts,* 502 S.W.2d 802 (Tex.Cr.App.1973); *Jones v. State,* 377 S.W.2d 205 (Tex.Cr.App.1964). These decisions discuss the concept of "extent" of the injury as being the value or the amount of the damage that was caused as opposed to the value of the item damaged but not destroyed. The information before us properly alleges the extent of the injury as: ". . . and the value of the pecuniary loss so inflicted was over twenty dollars and under two hundred dollars." Consequently, the trial court acted properly in denying the written motion.

The oral motion, on the other hand, mentions the failure of the information to allege the "nature" of the damage. In his brief, the appellant argues that his oral motion refers to the specific and particular acts upon which the State will rely in its prosecution.

We are guided, in this matter, by the mandatory provisions of Article 27.10, V.A.C.C.P. which require:

All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing.

Consequently, oral motions to quash or to dismiss an indictment or information are inadequate and preserve nothing for review. *Faulks v. State,* 528 S.W.2d 607 (Tex. Cr.App.1975), and cases cited therein.

In the present case, the written motion and the oral motion are not related with regard to alleged defects in the questioned information, and a written motion to dismiss will not trigger the unrelated provisions of an oral motion to dismiss.

The conviction is affirmed.