**Charles Lynn DULA, Appellant,**

v.

**The STATE of Texas.**

**No. 01–83–0640–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 30, 1984.

Rehearing Denied Sept. 17, 1984.

Michael B. Carlton, Houston, for appellant.

Rory C. Flynn, Houston, for appellee.

Before JACK SMITH and COHEN, JJ., and KEITH, J., Retired, duly assigned.

## OPINION

COHEN, Justice.

The appellant was convicted under Texas Penal Code Sec. 43.05 of compelling prostitution, and the jury assessed punishment of ten years confinement and a $10,000.00 fine. He asserts five grounds of error on appeal, alleging the trial court erred in denying his motion to quash the indictment; attacking the sufficiency of the evidence at the guilt-innocence stage; and, attacking the sufficiency of the evidence to sustain the enhancement allegations.

The complainant met the appellant at her place of employment and their relationship became intimate. They saw each other daily, and eventually she posed for some nude photographs in which she masturbated and performed oral sex upon the appellant. After acquiring the pictures, the appellant told her that he was in the business of prostitution, and expected her to work for him as a prostitute. When she refused, he told her that he had stolen her address book and would send the nude photographs to all persons listed therein unless she complied with his demands.

The complainant testified that he became "evil" and "forceful" and advised her that he "would take whatever means he found necessary to make sure that she participated in his business." The complainant was "scared to death"; she had seen him strike a prostitute hard enough to draw blood and was afraid that he would strike her. Appellant became physically abusive and threatened to kidnap her if she did not comply.

Fearing that the appellant would ruin her family relationship by publicizing the pictures, she worked for appellant as a prostitute for approximately six weeks. The appellant or another prostitute, Margie Kurts, would take her to a hotel, where she would solicit customers in the bar and later turn the money she received over to appellant. On one such occasion she was arrested by vice officers of the Houston Police Department. Several weeks later she returned to the police department, told the officers what had happened, and signed a written statement, which led to an investigation and the appellant's subsequent arrest.

The appellant initially contends that the trial court erred by denying his motion to set aside the indictment. The written motion asserted that the indictment did not "intelligibly, clear (sic) and plainly state an offense against the laws of the State of Texas." In this motion appellant was contending that there was fundamental error in the indictment because it failed to allege an offense against the laws of the State of Texas.

However, in orally arguing the motion, appellant's counsel stated:

We think this is ambiguous, vague and he is insufficiently notified as to what he must defend. This claims that he is causing prostitution by threat, force, and fraud. It has to be something to notify him if we've got to defend against three methods by what fraud, by what threat, by what threats physical. Totally unclear. Doesn't put him on notice as to what he has to defend.

This was an assertion of a notice defect in the indictment, claiming that it did not sufficiently state the manner and means of either force, threat, or fraud used by the appellant to the compel the complainant's acts of prostitution.

In a criminal proceeding the indictment serves two distinct purposes: it confers jurisdiction on the trial court and it apprises an accused of the nature of the charges against him. See *Drumm v. State*, 560 S.W.2d 944, 946 (Tex.Crim.App. 1977); *Ex parte Cannon*, 546 S.W.2d 266, 270 (Tex.Crim.App.1976) (concurring opinion). The necessary requisites for a valid indictment are contained in Tex.Code Crim. P.Ann. Arts. 21.02–.24 (Vernon 1966, Supp. 1983). The primary requirement of an indictment is that it state everything necessary to be proved. Tex.Code Crim.P.Ann. Art. 21.03. (Vernon 1966, Supp.1983). Failure to allege an element of an offense is fundamental error which deprives the trial court of jurisdiction, see Tex.Penal Code Ann. Sec. 1.07(a)(13) (Vernon 1983), and renders the indictment legally void.

In order to be reviewable on appeal, a motion to set aside an indictment must be in writing. Tex.Code Crim.P.Ann. Art. 27.-10 (Vernon 1966). Oral motions are insufficient to preserve error. *Faulks v. State*, 528 S.W.2d 607 (Tex.Crim.App.1975).

This Court in *Marshall v. State*, 646 S.W.2d 522 (Tex.App.—Houston [1st Dist.] 1982, no pet.) dealt with a similar situation. There, as in the present case, the written motion and the oral motion raised two distinct problems, a fundamental defect and a notice defect. In overruling the appellant's ground of error, the court stated that "the written motion and the oral motion are not related with regard to alleged defects in the questioned information, and the written motion to dismiss will not trigger the unrelated provisions of an oral motion to dismiss." Id. at 524.

Even if the written motion stating that the indictment did not "intelligibly, clear[ly] and plainly state an offense" were viewed as a complaint regarding defective

notice, it was too general to inform the court of how the notice was defective. A notice defect must be "properly asserted with adequate statement of the manner in which notice is deficient." *Drumm, supra* at 946; *Jones v. State*, 672 S.W.2d 798 (Tex.Crim.App.1984). It must state "why notice is deficient." *Peralez v. State*, 630 S.W.2d 330, 331 (Tex.App.—Houston [14th Dist.] 1982). The written motion in the case at bar contains only a general complaint.

Appellant's first ground of error is overruled.

Appellant next contends that the evidence was insufficient to show that he compelled prostitution by force, threats, or fraud. He relies exclusively on cases concerning prosecutions for rape or for aggravated rape. However, those statutes contain an express definition of the amount of force necessary to sustain such a conviction. Under the compelling prostitution statute, there is no such definition.

■ In the present case, the indictment charged that prostitution was compelled by force, threats and fraud. Proof of any of the three methods is sufficient. See *Tennison v. State* 126 Cr.R.R. 140, 70 S.W.2d 167 (1934); *Brown v. State*, 576 S.W.2d 820 (Tex.Crim.App.1979).

■ The complainant in the case at bar testified that appellant became "evil" and "forceful" and told her that he "would take whatever means (he) found necessary to make sure that she participated in (his) business." She further stated that he testified that he would "kidnap her" and "beat her to a pulp" if she did not comply to his demands. The complainant also testified that she had observed the appellant hit another prostitute, Margie Kurts, with his fist and that the blow drew blood, and she was afraid that he would do the same to her. This evidence, when viewed in the light most favorable to the State, is sufficient to support appellant's conviction. Appellant's second, third and fourth grounds of error are overruled.

■ In appellant's fifth ground of error, he contends that the evidence is insufficient to sustain the enhancement allegation in that the State failed to prove that the alleged prior conviction had become final. The indictment alleges that:

Before the commission of the offense alleged above on March 28, 1980, in cause no. 80CF177, in the Circuit Court of Dane County, Wisconsin, the defendant was convicted of a felony of uttering a forged writing.

In determining sufficiency of the evidence to prove an enhancement allegation, we compare the evidence introduced on punishment to the allegations in the enhancement paragraph. *Wilson v. State*, 671 S.W.2d 524 (Tex.Crim.App.1984). In the present case, the State simply re-offered the evidence on guilt and innocence during the punishment stage. However, during the trial on guilt and innocence, the appellant admitted he had been convicted in the Dane County, Wisconsin, Circuit Court on March 28, 1980, of felonies, including uttering a forged document, bail jumping and burglary. This was sufficient proof of the enhancement paragraph.

■ The appellant asserts that the State made no showing that the prior conviction had become "final"; however, finality is a defensive issue which was not raised by appellant at the punishment phase. *Reed v. State*, 481 S.W.2d 128 (Tex.Crim.App. 1972). The appellant has waived the point. See *Tinney v. State*, 578 S.W.2d 137 (Tex. Crim.App.1979).

■ Although not raised as a ground of error on appeal, we notice that the felony conviction admitted by the appellant for uttering a forged writing was in cause no. 80 CF 172347, not no. 80 GF 177, as alleged in the indictment. All other facts alleged in the enhancement paragraph were proved, and no complaint about the variance was raised in the trial court or in this court. Such a variance is not cause to reverse the judgment. *Cole v. State*, 611 S.W.2d 79, 81 (Tex.Crim.App.1981); *Hall v. State*, 619 S.W.2d 156 (Tex.Crim.App.1980); *Bush v. State*, 642 S.W.2d 787, 790, foot-

note 2 (Tex.Crim.App.1982); *Lopez v. State*, 654 S.W.2d 521, 524 (Tex.App.—Corpus Christi 1983, pet. ref'd).

Appellant's fifth point of error is overruled.