**Gerald Lee MAYFIELD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09 85 057 CR.**

Court of Appeals of Texas, Beaumont.

April 9, 1986.

Petition for Discretionary Review May 23, 1986.

Peter F. Doyle, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of burglary of a habitation, and the jury as-sessed punishment at thirty years in the Texas Department of Corrections. He has perfected appeal to this Court.

"Appellant's initial ground of error lies in the failure of the State to prove owner-ship as alleged in the indictment."

*TEX.PENAL CODE ANN. sec. 1.07(a)(24)* (Vernon 1974) defines "Owner" as follows:

" 'Owner' means a person who has title to the property, possession of the proper-ty, whether lawful or not, or a greater right to possession of the property than the actor."

The legal title to the home in question was in Alma Jimenez. When she went on vacation, she left it in charge of her father, who lived elsewhere in the Port Arthur area (the Jimenez home was in Griffin Park). The following testimony was given by her father, Hector Cantu, Sr.:

"Q. And back on May 15th of 1984, besides looking after your own house and your own business, were you also charged with the responsibility of look-ing after your daughter's house?

"A. That's true, yes, sir.

\* \* \* \* \* \*

"Q. Did you have absolute control and final control over the house?

"A. Yes, I did.

\* \* \* \* \* \*

"Q. Now, Mr. Cantu, what did you do while your daughter was gone; what were your responsibilities regarding her house?

"A. To take care of the house, and I intended to stay there but it was more convenient for me to stay home. She gave me the keys to go check the house and put the mail in and just to take care of it, look after it."

The owner, Alma Jimenez, was asked:

"Q. During the time you went on va-cation did you leave anyone in the re-sponsibility of your house?

"A. Yes, my father.

"Q. And who is that?

"A. Mr. Cantu, Hector Cantu.

"Q. And did he have care, custody and control of the house?

"A. Yes, he did."

■ We have been cited to no case involving this precise fact situation, nor have we found one independently. The State cites us *Little v. State*, 567 S.W.2d 502 (Tex.Crim.App.1978). While persuasive, there are nevertheless important distinctions there from the case at bar. However, we believe the testimony we have cited above clearly shows that Mr. Cantu had a greater right of possession to the home, and its contents, than did Appellant. This ground of error is overruled.

■ Appellant's second ground of error attacked the sufficiency of the evidence to sustain the conviction. The standard of review in such a challenge is whether, upon a review of all the evidence in the light most favorable to the verdict or judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984).

The witness, Sue Hollis, was in a car on a parking lot near the house in question. She saw the Appellant carry a TV set from the house and put it in his car. Then she saw him go back in the house and get a box and put that in the car. She identified Appellant in the courtroom as the person she saw entering the house. She also got the license number of his car, which was owned by Appellant's sister. On the morning of the event, Appellant was using this car. Cantu testified that after the police came they began taking fingerprints.

Officer Herb Johnson qualified as a fingerprint expert by training and experience. He "lifted" a palm print from a TV in the house, which he unequivocally identified as being that of Appellant. This ground of error is overruled.

Ground of error number three complains of the introduction of State's Exhibit No. 5, a judgment and sentence out of Orange County. Specifically, Appellant says *TEX. CODE CRIM.PROC.ANN. art. 42.01* (Ver-

non Supp.1986) requires a judgment to name the attorney for the State. The State's answer, while not conceding this to be error even if true, points out that the document was signed on January 23, 1981, before the present statute containing such language became effective—September 1, 1981. The State also points out that Appellant's objection involved that no proper predicate was laid, that such an objection is too general, citing *Williams v. State*, 596 S.W.2d 862 (Tex.Crim.App.1980). This ground of error is overruled.

Ground of error number four complains of State's Exhibit No. 5, which this opinion addresses above. It is, therefore, overruled.

Ground of error number five attacks a judgment and sentence, State's Exhibit No. 4, "which purports to be the judgment and sentence of one Rodney Ervin Gregory, handed down in cause no. 321,260, out of Harris County, Texas." Then the language in Appellant's brief is practically identical to that contained under his ground of error number four. We, therefore, are unable to determine what his objection to the exhibit is, and overrule it. *Quinones v. State*, 592 S.W.2d 933 (Tex.Crim.App.1980).

Ground of error number six follows: "That the trial court erred in failing to include the requested definitions, as set in his specially Requested Definitions and Instructions, for the terms care, control, custody, and title, within its charge to the jury."

■ Appellant cites no authority requiring that these terms be defined and we have found none. However, we believe the trial court is not required to define ordinary, nontechnical words that are commonly understood. *See* 23 TEX.JUR.3d *Criminal Law* sec. 2777 (1985). This ground of error is overruled.

Ground of error number seven follows: "That the trial court erred in denying the Appellant's Motion for an instructed verdict on the basis of a failure to prove that the individual alleged to be the owner in the indictment, one Hector Cantu,

was the owner of the habitation in question, and said error was of such magnitude as to warrant reversal."

Ground of error number eight is identical to ground of error number seven. Both of these contentions have already been addressed in this opinion, and they are overruled.

Ground of error number nine, Appellant's final ground, follows:

"That the trial court erred in denying or overruling the Appellant's Motion for a New Trial, and such ruling by the trial court was error, and error of such magnitude as to warrant reversal."

Nothing new is advanced by this ground of error. This opinion has addressed this challenge. The ground of error is overruled.

The judgment of the trial court is affirmed.