**Jesse G. AGUIRRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00327–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 14, 1985.

Robert A. Price, IV, Price & Wilson, San Antonio, for appellant.

Sam D. Millsap, Jr., Sid Harle, Don Clowe, Michael D. Granados, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES and TIJERINA, JJ., and SHARPE, Assigned Justice.*

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised

OPINION

SHARPE, Assigned Justice.

This is an appeal from a conviction for the delivery of heroin. The trial was to a jury, which found appellant guilty. The court assessed punishment at fifty years, enhanced by proof of two prior convictions.

On June 23, 1976, the appellant was present during jury selection and the testimony of one witness, police officer Louis Martinez, when the court then excused the jury. The following day, appellant did not appear. The court directed as follows:

> Would you see if he's in jail or if he's at the courthouse door and bring the jury. We'll proceed.

Without objection from appellant's counsel, the court orally instructed the jury as follows:

> THE COURT: Good morning, ladies and gentleman. I apologize for the delay in bringing you in here. The whereabouts of the defendant are unknown to all of the parties here in Court. The statute says that if a defendant voluntarily absents himself after pleading to the indictment the trial may proceed to its conclusion, so I am directing that the case proceed in the absence of the defendant.
>
> Now, I'm instructing you not to draw any conclusion either for or against the defendant because he is absent because we do not know why he is not here, but the law provides that if he's present when the trial starts and then is not present later on we will continue, so we're going to continue without him. The State may proceed. (R. II–128 thru 130).

Appellant's counsel at first voiced no objection to the written charge on appellant's absence, which reads:

> Our law provides if a defendant voluntarily absents himself after pleading to

Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

the indictment, the trial may proceed to its conclusion.

In this case there being no evidence before you as to why the defendant is absent, you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance either for or against him.

However, just before the charge was read to the jury, appellant's counsel did object to appellant's absence during the course of the trial, which the court overruled.

After the jury returned a guilty verdict, the court agreed to withhold punishment until appellant was in custody.

The punishment phase of the trial was held on July 19, 1984, at which time appellant made the following remarks:

THE APPELLANT: I want to ask this Court, since *I left* this Court in 1976 I got off of dope. I have been on dope since I was fifteen (15) years old, back and forth to the penitentiary.

Since *I left* this courtroom I got off of dope and went to work, made a good living for myself. I have been clean since then. I have a good family. I've got a nice home. And I'm asking this Court to take this into consideration. (R. II–213). [Emphasis added.]

The applicable provision of the Code of Criminal Procedure which was in effect during the guilt-innocence phase of the trial reads:

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, the trial may proceed to its conclusion. *When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to*

*the contrary that he was present during the whole trial.* Provided, however, that the presence of the defendant shall not be required at the hearing of the motion for new trial in any misdemeanor case. [Emphasis added.]

In one ground of error, appellant contends that the trial court abused its discretion by continuing the trial in his absence without showing that his absence was voluntary. Specifically, appellant objects to the failure of the trial court to conduct an evidentiary hearing to determine if appellant's absence was voluntary.

The basic issue in this case is whether appellant waived his right to be present during a felony trial, as mandated by TEX. CODE CRIM.PROC.ANN. art. 33.03 (Vernon 1966), subsequently amended by Acts 1979, 66th Leg., p. 1832, ch. 745, § 1, eff. Aug. 27, 1979. If appellant voluntarily absented himself, it is agreed that he waived his right to be present. We note that except for the right to a trial by jury in a capital felony case, an appellant may waive any rights secured to him by law. TEX. CODE CRIM.PROC.ANN. art. 1.14 (Vernon 1977).

We find that appellant waived any complaint regarding his absence during trial. Appellant never communicated with the court or otherwise advised regarding the reasons for his absence. Appellant's attorney did not raise a timely objection concerning the voluntariness of appellant's absence nor did the attorney move for continuance. *Compare Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim.App.1984); *Johnston v. State*, 477 S.W.2d 891, 893 (Tex.Crim.App.1972). In the absence of any evidence to the contrary, the court should engage in the presumption that the trial court finding regarding the voluntariness of appellant's absence is correct. *Gonzales v. State*, 515 S.W.2d 920, 921 (Tex.Crim.App.1974). Finally, appellant himself acknowledged at the punishment phase that he "left" the courtroom in 1976. This evidence further substantiates the trial court's decision at the guilt-innocence phase to go forward with trial. Moreover,

an appellate court may consider the statement of the accused made at the punishment phase to determine whether appellant's absence during trial was voluntary. *Reed v. State*, 172 Tex.Crim. 122, 353 S.W.2d 850, 851 (1962).

While the court did not conduct a full-blown evidentiary hearing, it did make appropriate inquiries as to appellant's whereabouts sufficient to justify its conclusions concerning the voluntariness of appellant's absence. Absent timely objection from appellant's counsel, we find that the trial court did not abuse its discretion in going forward with the guilt-innocence phase of the trial pursuant to art. 33.03. *Moore v. State, supra.*

Accordingly, we affirm the judgment.