**Julian RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00600–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 24, 1985.

Anthony Blazi, San Antonio, for appellant.

Sam Millsap, Jr., Sam Ponder, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

CADENA, Chief Justice.

Appellant was convicted of murder and sentenced to 15 years' imprisonment.

Appellant asserts that the evidence is insufficient to support the conviction because the State's sole eye witness was unworthy of belief. We must reject the sufficiency of the evidence point if, after viewing the evidence in the light most favorable to the verdict, there is sufficient evidence which, if believed, reasonably supports the finding of guilt. The credibility of witnesses and the weight to be given their testimony are questions which lie within the province of the jury to determine. *Combs v. State*, 643 S.W.2d 709, 716 (Tex.Crim.App. 1982). The testimony of the witness in question, if believed by the jury, is sufficient to support the finding of guilt.

Appellant complains of the trial court's failure to grant a mistrial after the prosecuting attorney referred to a statement allegedly given to the police by defendant's wife.

TEX.CODE CRIM.PROC.ANN. art. 38.11 (Vernon 1979) prohibits a wife from testifying against her husband in a criminal case. Indirect use of a spouse's testimony is reversible error when the action of the State leaves the jury with the impression that the spouse, if permitted to testify, would rebut the testimony of defendant. *Johnigan v. State*, 482 S.W.2d 209, 210–11 (Tex.Crim.App.1972). In *Johnigan*, the Court held that a defendant need not object or move for a mistrial where the State is guilty of such misconduct.

The assistant criminal district attorney Sam Ponder, cross-examined appellant as follows:

Q: Isn't it a fact, Mr. Rodriguez, that you told your wife that you were going to get him?

A: I did not tell her that.

Q: You didn't tell her that?

A: No, sir, I didn't.

Q: Okay. And isn't it a fact that your wife was standing right next to you when you killed John Martinez?

A: That's a lie.

Q: It's a lie?

A: Yes, sir.

Q: So, you're aware that your wife gave a statement to the police department to those effects.

The trial court sustained appellant's objection to this reference to his wife's statement, but did not grant appellant's request that the jury be instructed to disregard it and overruled appellant's motion for mistrial.

The prosecutor's statement clearly informed the jury that appellant's wife had told the police that he had told her that he was "going to get" John Martinez.

The State contends that this improper statement to the wife's statement must be held to be harmless error in view of the other testimony of appellant's guilt. We disagree.

■ In determining whether error is reversible, we do not apply the test enunciated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and followed in *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) for the purpose of determining whether under the requirements of due process, there is sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. There is no case, state or federal, which even suggests that such test is determinative of the question of prejudicial error. To insist that prejudice can be found only when the evidence is insufficient to justify a finding of guilt beyond a reasonable doubt has the effect of precluding a finding of prejudice unless there is no evidence of guilt. If we conclude that the evidence is insufficient to support a finding of guilt, our duty is to reverse and dismiss the case, and inquiry as to the presence of other errors and their prejudicial nature would be a waste of time. Similarly, a finding of sufficiency of the evidence would make it unnecessary to consider other claims of error, since a finding that the evidence is sufficient would necessarily render all other claimed error harmless.

■ An error can be considered harmless only if it appears beyond a reasonable doubt that it did not contribute to the finding of guilt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). If there is a reasonable possibility that the error contributed to the conviction of appellant, the error cannot be dismissed as harmless. *Collins v. State,* 602 S.W.2d 537, 538 (Tex.Crim.App.1980).

■ In this case the appellant, while admitting the killing, claimed that he acted in self-defense. The only witness who contradicted appellant's testimony was Albert Bautista, who testified that appellant and the decedent engaged in an argument after which appellant, without provocation, stabbed the victim. Appellant's confession contains no statement inconsistent with his claim of self defense. The testimony of the medical examiner indicates that the deceased had been stabbed in the hand, but such evidence is, at best, neutral with reference to the question of self-defense.

Bautista, the only witness who contradicted appellant's testimony on the question of self-defense, admitted that he lied "most of the time"; that he was addicted to sniffing paint and that he smoked marihuana. On the night of the killing, he had been sniffing paint and smoking marihuana. It cannot be said that the evidence of such witness is so "overwhelming" as to render harmless the prosecutor's conduct in calling the jury's attention to the fact that appellant's wife had told the police that appellant had expressed to her his intention to "get" the decedent. *See Mayberry v. State,* 532 S.W.2d 80, 85 (Tex. Crim.App.1975). The statement which the prosecutor improperly attributed to the wife was clearly inconsistent with the claim of self-defense, since it shows a pre-existing intent to kill. If we consider the testimony which would justify a refusal to believe the State's witness, it cannot be concluded beyond a reasonable doubt that the improper allusion to the wife's statement did not contribute to the finding of guilt, since such statement furnishes exceedingly strong evidence corroborating the suspect testimony of a paint-sniffing, marihuana-smoking witness who admitted to lying "most of the time."

The judgment of the trial court is reversed and the cause is remanded for a new trial.

BUTTS, Justice, dissenting.

I respectfully dissent. This Court must apply the well known standard of review which is, whether after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983).

The eye-witness, Albert Bautista, who was present when the deceased was stabbed by appellant, described the occurrence in detail, including the fact that appellant called his wife over to identify the deceased. Any statement overheard by a third party is not privileged. *Stallings v. State*, 476 S.W.2d 679, 681 (Tex.Crim.App. 1972). Also appellant testified that he called her over to see whether the deceased was the person who had struck her son. Thus, the appellant and other evidence established his wife stood beside him. She confirmed the deceased was the person who struck her son.

The confession of appellant was admitted in evidence, and the jury had it before them during deliberations. In it he stated he went over to the car where the deceased was sitting across the street from appellant's house and confronted him with the accusation that he was the one who "beat up her son." Appellant stated he had heard "some real bad things about this guy." "When the man stood up, I just took out my knife from the waist band of my pants and I stabbed him. I only stabbed him once...." The court charged the jury on self-defense.

The trial court sustained the objection to any statement which the wife of appellant may have given the police. The trial court "sustained" appellant's request for an instruction to the jury to disregard the cross-examination of appellant regarding his wife's statement. Then the court overruled the motion for mistrial.

What should be determined under those circumstances is whether the error, if any, was harmless. Clearly since appellant himself placed his wife beside him at the time of the stabbing, the question regarding where the wife was located, was not error. This nontestamentary evidence has never been privileged communication between husband and wife.

Thus, it is only the other statement, that appellant told his wife he was "going to get" the deceased, which concerns the reviewing court.

According to the test of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), it must be determined beyond a reasonable doubt that the error did not contribute to the verdict. Sometimes an error can be rendered harmless by an instruction to the jury to disregard. *See, e.g., Davis v. State*, 645 S.W.2d 817, 819 (Tex.Crim.App.1983) (improper jury argument held harmless error where admonishment to jury to disregard was given).

It has been held that there may exist harmless *constitutional* error, such as when the right to be free of self-incrimination is invoked. In a jury argument the prosecution may not question that right, and to do so is error. However, in *Mayberry v. State*, 532 S.W.2d 80 (Tex.Crim.App. 1975) the court stated the argument was harmless error because the evidence of the defendant's guilt was overwhelming. In another case the finding of harmlessness in the erroneous jury argument was also made because of the evidence of the defendant's guilt, "overwhelming, if not beyond all doubt." *Garrett v. State*, 632 S.W.2d 350, 354 (Tex.Crim.App.1982). It may be noted that the husband-wife privilege is not one protected by the U.S. or Texas Constitutions.

While it is true that the privilege granted by TEX.CODE CRIM.PROC.ANN. art. 38.-11 (Vernon 1979) may not be waived, it is also true that use of privileged communication may not always constitute harmful reversible error.

The conclusion may be drawn that the eye-witness account of the stabbing, the confession of appellant, and appellant's own testimony presented overwhelming evidence of his guilt, and a rational trier of fact could have found appellant guilty beyond a reasonable doubt. In view of the totality of the evidence, it can be determined beyond a reasonable doubt the error presented in the question to appellant (whether he told his wife he would "get" the deceased) did not contribute to the verdict. It was therefore harmless error.

I would so hold and respectfully dissent.