Juan Jose SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–191–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Discretionary Review Refused Feb. 4, 1987.

Eduardo Rodriguez, Brownsville, Larry Warner, Port Isabel, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a conviction for attempted burglary of a building enhanced by three prior felony convictions. Appellant was found guilty by a jury and sentenced by the court to serve twenty-five years in the Texas Department of Corrections.

Appellant brings four points of error, claiming that there is insufficient evidence to support his conviction, that he was provided ineffective assistance of counsel during impaneling of the jury, and that the State prosecutor's final argument contained comments which constitute fundamental error.

We first address the sufficiency of the evidence to support appellant's conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

Appellant was found guilty of attempted burglary of a building as charged in Count Two of the indictment. Count Two alleges that, on or about August 31, 1985, appellant:

> [D]id then and there unlawfully, with the specific intent to commit the offense of burglary, attempt to break into and enter a *BUILDING* without the effective consent of *CESAR COMISARENCO,* the owner, by *OPENING A HOLE IN THE ROOF,* said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

The building in question is El Pibe, located at 1225–4 Washington Street in Brownsville. Cesar Comisarenco, owner of the building, testified that he was contacted by the owner of a neighboring business, Mario's Electronics, at approximately 11:30 p.m. on August 31, 1985. Comisarenco left his home and went to his place of business where he found police standing at the door waiting for him. They went inside and found a hole in the center of the office ceiling. Someone had apparently dismounted the air-conditioning exhaust in the ceiling and taken away panels of the false ceiling. Pieces of the false ceiling were scattered across the floor of the office.

Detective Joseph Ochoa of the Brownsville Police Department testified that he received a report of an alarm going off at Mario's Electronics at approximately 11:30 p.m. on August 31, 1985, and proceeded to the scene. He and Alfonso Garcia, along with two other officers, checked the building and found a hole in the roof. They sealed off the area and Ochoa and Garcia checked the inside of the building. Upon

finding no one inside the building, Ochoa and Garcia crawled up through the roof and crossed over to the rooftop of the neighboring business, El Pibe, where they noticed the air-conditioning vent was removed and found pieces of roofing material scattered about. They then crossed over to the connecting business, El Chinito. Appellant and another subject jumped from the rooftop of El Chinito and attempted to flee the scene on foot but were apprehended shortly thereafter. Another man, Gamez Osorno, was apprehended on the roof. Ochoa testified that, in addition to the air-conditioning vent being removed at El Pibe, there was damage where appellant and his accomplices "had tried to drop through or push the ceiling through." The State also admitted photographs of the holes in the roof and ceiling at Mario's Electronics and El Pibe.

■ Contrary to what appellant would have this Court believe, the State, in order to prove attempted burglary of a building as alleged in the indictment, is not required to prove that anything was *taken* from the building, but only that there was an *attempted* breaking and entering with the intent to commit the taking or theft. An indictment alleging "attempted" burglary need not allege that the accused attempted entry with intent to commit a particular felony. *Hudson v. State*, 638 S.W.2d 45, 46 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

■ The act of breaking and entering a building at nighttime raises the presumption that the act was done with the intent to commit theft. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Clark v. State*, 543 S.W.2d 125, 128 (Tex. Crim.App.1976). An attempted burglary may be proven circumstantially, and flight from the scene is further circumstantial evidence tending to show guilt. *Miller v. State*, 566 S.W.2d 614, 619 (Tex.Crim.App. 1978). We find the evidence sufficient to support the conviction for attempted burglary.

■ Appellant also argues that the indictment alleges the means of attempted entry was "by opening a hole in the *roof*," but that the State's proof showed an entry "in the ceiling of the building." Appellant asserts that this distinction is a material and fatal variance between the indictment and proof. We disagree and find appellant's distinction without merit. Appellant attempts to support his argument by citing *Barber v. State*, 449 S.W.2d 53 (Tex.Crim. App.1969), where the court held that the information for willfully injuring property of another was fatally defective without an allegation as to the extent of the injury or damage. Not only is *Barber* distinguishable from our case, but here we do not find a variance between the indictment and proof. Appellant's second point of error is overruled.

By his first point of error, appellant claims that he was deprived of the assistance of counsel and thus a fair trial when he was removed from the courtroom following voir dire and during his attorney's consideration of peremptory jury strikes. We disagree.

In his Bill of Exception No. 1, filed May 9, 1986, appellant asserts that during the course of the trial, after the completion of the voir dire examination, appellant was removed from the courtroom and was not present when his trial counsel made his peremptory strikes. The trial court qualified the Bill by stating that although appellant was taken out of the courtroom, he was removed without counsel's objection.

At a hearing held February 6, 1986, appellant complained of not being present when the jury was selected, yet testified that he was present when the jury was questioned. Appellant argues in his brief that he was unable to consult with his attorney regarding the peremptory challenges, yet his trial counsel testified at the February 6th hearing that appellant "was there with me" while he made the peremptory strikes, but that he simply did not need appellant to assist him in making the strikes.

Although a defendant's presence at trial is unwaivable until the jury has been selected, *Miller v. State*, 692 S.W.2d 88 (Tex.Crim.App.1985), we have found no authority and appellant cites none which would require one's attorney to discuss with his client which jurors he plans to peremptorily strike during jury selection. Moreover, nothing in the record indicates that appellant requested access to his attorney during jury strike determination.

■ If appellant or his attorney had been absent during the voir dire examination, then such absence may have constituted reversible error. *See Cobert v. State*, 690 S.W.2d 107, 109 (Tex.App.—Beaumont 1985, no pet.). However, we find no error amounting to a violation of the right to counsel. *Cf. Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim.App.1984); *Aguirre v. State*, 695 S.W.2d 793 (Tex.App.—San Antonio 1985, no pet.). Appellant's first point is overruled.

■ By points of error three and four, appellant alleges fundamental error due to improper jury argument by the State prosecutor. However, the argument of which appellant complains was not objected to at trial. Generally speaking, even if a prosecuting attorney's jury argument is found to be improper, an instruction by the trial judge to the jury to disregard the improper argument is usually sufficient to cure the error. *Logan v. State*, 698 S.W.2d 680, 682 (Tex.Crim.App.1985). A jury argument must be extreme, manifestly improper, inject new and harmful facts into the case, or violate a mandatory statutory provision to constitute fundamental error. *Baldwin v. State*, 697 S.W.2d 725 (Tex.App.—Corpus Christi 1985, no pet.). Proper jury argument falls within the categories of summation of evidence, reasonable deduction from evidence, answer to argument of opposing counsel, or plea for law enforcement. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983); *Rushton v. State*, 694 S.W.2d 367 (Tex.App.—Corpus Christi 1985, no pet.). The arguments complained of herein fall within the proper categories and in no way approach fundamental error. *See Ste-*

*phen v. State*, 677 S.W.2d 42 (Tex.Crim.App.1985).

Appellant's third and fourth points are overruled.

The trial court judgment is AFFIRMED.