VAUGHAN & SONS, INC., Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–058–CR.

Court of Appeals of Texas,
Texarkana,

April 12, 1988.

Robert C. Bennett, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

PER CURIAM.

This case is before us on remand from the Court of Criminal Appeals. It involves

the criminal prosecution of Vaughan & Sons, Inc. (hereafter referred to as Vaughan), a Texas corporation, for criminally negligent homicide. *Vaughan and Sons, Inc. v. State,* 649 S.W.2d 677 (Tex. App.–Texarkana 1983), *rev'd,* 737 S.W.2d 805 (Tex.Crim.App.1987). The State alleged that Vaughan, acting through two of its agents, caused the death of two individuals in a motor vehicle collision. A transport truck operated by Vaughan malfunctioned and stalled in a moving lane of traffic. Approximately six hours later, after nightfall, the victims crashed into the back of the truck, which was still in the traffic lane, and were killed. We now consider the remaining points of error raised by the appellant.

■ Vaughan first contends that the information does not allege the required culpable mental state. Tex. Penal Code Ann. § 19.07 (Vernon 1974) defines the offense of criminally negligent homicide and provides that the applicable mens rea is criminal negligence. The information alleges that the actors were agents of the corporation and that they engaged in criminally negligent conduct that resulted in the death of the victims. The information clearly alleges the correct culpable mental state for the offense, therefore this argument has no merit.

■ Vaughan next contends that the trial court erred in failing to instruct the jury that Jim Darling was the high managerial agent of the corporation in Houston. It is an affirmative defense under Tex.Penal Code Ann. § 7.24 (Vernon Supp.1988) that "the high managerial agent having supervisory responsibility over the subject matter of the offense employed due diligence to prevent its commission." The charge instructs the jury to determine whether Darling was the high managerial agent. If he was, and if he had employed due diligence to prevent the offense, the jury was instructed to find the defendant not guilty. The charge further instructed the jury that if it found that Darling was not the high managerial agent and that he did not exercise due diligence, it should not apply the affirmative defense. The jury charge as

presented does not suggest, contrary to Vaughn's argument, that any other person was the high managerial agent of the corporation. Evidence was presented to the jury which indicated that Darling fulfilled that function generally, but evidence was also presented which indicated that another employee of the corporation had some supervisory responsibilities for this particular area of operations. A question of fact was therefore presented for the jury. In addition, the charge which Vaughan requested would not have cured the claimed error. The requested instruction states, "You are instructed ... that Jim Darling is *a* 'high managerial agent'...." (Emphasis added.)

We find no error in the trial court's submission.

■ Vaughan also contends that the trial court improperly limited his cross-examination of a State's witness on the defensive issue of due diligence. The trial court refused to allow a witness of the prosecution to be cross-examined about safety policies of the company including "not only trucks, but forklift drivers and all other employees including secretaries and people that answer the telephone." The trial court limited cross-examination to the subject of the company's due diligence in setting out safety policies for the trucking operations. Vaughan was not denied the right to cross-examine concerning the company's due diligence in providing safety training and instruction for truck drivers. Initially, it appears that this testimony would have been relevant to the extent that it would show the general attitude of the corporation toward safety procedures; however, the affirmative defense is available when the high managerial agent who has the responsibility "over the subject matter of the offense" exercised due diligence in his efforts to prevent its commission. Tex.Penal Code Ann. § 7.24 (Vernon Supp.1988). The scope of cross-examination is within the control of the trial judge in the exercise of his discretion. *Toler v. State,* 546 S.W.2d 290 (Tex.Crim.App.1977). Evidence is relevant when it tends to prove or disprove a fact in issue. The determination of relevancy is a matter for the trial court to

determine, in the sound exercise of its discretion. *Williams v. State,* 535 S.W.2d 637 (Tex.Crim.App.1976). The trial court did not say that it would exclude evidence on all general safety practices of the company, but only practices that had no relation to the trucking division. The evidence Vaughan attempted to elicit is not relevant to his defense, and it was properly excluded by the trial court.

■ Vaughan complains in its final point of error that the trial court erred by failing to provide a State's exhibit to the jury during deliberations when the jury requested to see the exhibit. Tex.Code Crim.Proc. Ann. art. 36.25 (Vernon 1981) provides that any exhibit requested by the jury shall be given to them. The record is silent as to whether the jury ever requested the exhibit. Neither does the record show that the appellant objected to a failure of the trial court to provide the exhibit to the jury.

If the exhibit was not provided, the trial court committed error. The exhibit consists of two pages from the records of the wrecker company that had been called prior to the accident to remove the disabled truck. One page is an illegible invoice. The other page consists of handwritten notes by an employee of the wrecker service listing their responses to calls on the date of the accident. In determining whether error is harmless, we must find beyond a reasonable doubt that the error did not contribute to the finding of guilt. *Rodriguez v. State,* 702 S.W.2d 734 (Tex. App.–San Antonio 1985, pet. ref'd). The handwritten notes indicate the time that Vaughan contacted the wrecker company, the time of dispatch, and the location of the disabled vehicle. The exhibit indicates that they received a call from *Vaughan* at 5:50 p.m., some five hours after the truck was disabled.

Even if the exhibit was not provided to the jury, we can perceive no way that Vaughan could have been harmed by this failure when the exhibit seems to strengthen the prosecution's case by showing that the wrecker service responded promptly after being contacted by Vaughan. Vaughan makes no showing that any harm resulted

from the failure, and we do not perceive any.

We affirm the judgment of the trial court.