In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00231-CR


______________________________




VICTOR LEE ANDERSON, a/k/a


VICTOR GRAHAM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28637-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Victor Lee Anderson, a/k/a Victor Graham, was charged with failure to stop and
render aid after causing his vehicle to strike a thirteen-year-old boy on a bicycle. Anderson
initially pled not guilty to the charge, but changed his plea to guilty in the middle of trial. He
also pled true to two enhancement paragraphs. The jury assessed Anderson's punishment
at seventy-five years' imprisonment. 

 Anderson raises two points of error: (1) that the trial court violated Tex. Code Crim.
Proc. Ann. art. 36.27 (Vernon 1981) when it failed to read the answer to the jury note in
open court; and (2) that the trial court violated Tex. Code Crim. Proc. Ann. art. 38.22, § 6
(Vernon 1979) when it failed to enter an order concerning Anderson's voluntary confession,
stating the court's conclusions and the specific findings of fact on which the conclusions
were based. This Court previously abated this appeal to the trial court for the purpose of
entering an order stating its conclusions, along with the requisite specific written findings
of fact on which those conclusions were based. We have received those findings and
conclusions as a supplemental clerk's record. Therefore, this issue is now moot.

 As to the remaining issue, Article 36.27 of the Texas Code of Criminal Procedure
provides as follows:

 When the jury wishes to communicate with the court, it shall so notify
the sheriff, who shall inform the court thereof. Any communication relative
to the cause must be written, prepared by the foreman and shall be
submitted to the court through the bailiff. The court shall answer any such
communication in writing, and before giving such answer to the jury shall use
reasonable diligence to secure the presence of the defendant and his
counsel, and shall first submit the question and also submit his answer to the
same to the defendant or his counsel or objections and exceptions, in the
same manner as any other written instructions are submitted to such
counsel, before the court gives such answer to the jury, but if he is unable to
secure the presence of the defendant and his counsel, then he shall proceed
to answer the same as he deems proper. The written instruction or answer
to the communication shall be read in open court unless expressly waived
by the defendant. 


 All such proceedings in felony cases shall be a part of the record and
recorded by the court reporter.

Tex. Code Crim. Proc. Ann. art. 36.27.

 During its deliberations, the jury sent the following note to the trial court: "Bring in
the chart of prior convictions used in closing. This was part of DA's summation." This
chart was used by the State as a summary of Anderson's criminal history, but was not
offered into evidence. The trial court answered the jury's request as follows: "Members
of the jury: I cannot comply with your request." The record does not reflect the trial court
read this answer in open court. 

 A jury is not permitted to view unadmitted evidence during its deliberations. Wade
v. State, 833 S.W.2d 324, 326 (Tex. App.-Houston [1st Dist.] 1992, no pet.). The trial
court answered properly in refusing the jury's request to view this chart. Moreover, even
if a communication between the court and the jury is not made in compliance with Article
36.27, such communication does not constitute reversible error so long as it does not
amount to an additional instruction by the court on the law or some phase of the case.
McFarland v. State, 928 S.W.2d 482, 517-18 (Tex. Crim. App. 1996); see also Rodriguez
v. State, 625 S.W.2d 101, 102 (Tex. App.-San Antonio 1981, pet. ref'd) (holding no
reversible error when trial court's refusal of jury's request for items not admitted in evidence
was not in compliance with Article 36.27). Anderson admits the answer given by the trial
court was not an additional instruction. However, he alleges harm as a result of the jury
being told it could have exhibits and then having its request for this particular exhibit
refused by the trial court. 

 The exhibit requested by the jury was a summation of the criminal history of
Anderson, prepared by the State. We have held in the past it was not harmful error when
a trial court refused the jury's request to view an exhibit that seemed to strengthen the
prosecution's case. Vaughan & Sons, Inc. v. State, 750 S.W.2d 17, 19 (Tex.
App.-Texarkana 1988, no pet.). The prosecutor used this chart during his closing
argument as he stressed the need for the jury to punish Anderson for his criminal conduct. 
Therefore, even if the chart had been admissible evidence, properly viewable by the jury,
we fail to see how this chart could have been helpful to Anderson.

 Even though the trial court did not read its answer to the jury's request in open court
as required by Article 36.27, such failure did not result in egregious harm to Anderson. His
point of error is overruled.


 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: October 21, 2002

Date Decided: December 19, 2002


Do Not Publish





60;           A jury convicted Danny Ray Dixon of injury to a child. See Tex. Pen. Code Ann. § 22.04
(Vernon 2003). The sentence was enhanced by a prior felony conviction for burglary of a habitation. 
See Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon 2004–2005). The jury assessed punishment at
sixteen years' confinement. Dixon appeals, alleging that 1) the State used an improper jury
argument, 2) there is a fatal variance between the indictment and the evidence at trial, and 3) the
evidence is legally and factually insufficient. We affirm the judgment of the trial court.
            George Warren, an officer with the Leonard Police Department, was dispatched to Dixon's
residence in response to a domestic violence call, along with Officer Linda McCrory. At Dixon's
residence, Warren interviewed Dixon and his live-in girlfriend, Crimson Wolfe. Wolfe informed
Warren that Dixon had poured Tabasco sauce on her two-year-old son, R.M., and that he had hit him
in the face and the leg. After observing the red marks on R.M.'s face and leg, Officer Warren
arrested Dixon. Wolfe testified at trial that R.M. developed bruises on both his face and his leg
which lasted approximately a week and a half. The jury found Dixon guilty, found the enhancement
paragraph true, and assessed punishment at sixteen years' confinement. The trial court sentenced
Dixon in accordance with the jury's assessment. 
Dixon Failed to Preserve Error Concerning Allegedly Improper Jury Argument
            Dixon alleges the State made an improper argument during closing. During the closing
argument at the guilt/innocence phase of the trial, the State argued:
The children of our county or wherever he might move to, if he gets set free today,
deserve that he be found guilty, because there is a lot of hot sauce in the world, and
those bottles are heavy, and if pouring it on the next one doesn't help, maybe he'll hit
him over the head with it, or put him in a scalding bathtub, or do something else
idiotic. Who thinks about pouring hot sauce on a little two year old's head? Its [sic]
beyond me.

Dixon alleges that there is no evidence of these allegations and that the statements would invoke
strong negative emotions in the minds of the jurors. The State argues Dixon failed to preserve error
by failing to make any objection to the argument. In the alternative, the State argues that the
argument was a plea for law enforcement or a reasonable deduction from the evidence.
            The Texas Court of Criminal Appeals has held that "before a defendant will be permitted to
complain on appeal about an erroneous jury argument, he will have to show he objected and pursued
his objection to an adverse ruling." McFarland v. State, 989 S.W.2d 749, 751 (Tex. Crim. App.
1999); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Generally, in order to preserve
a complaint for appellate review, the record must show (1) that the complaint was made to the trial
court by a request, objection, or motion that was timely and sufficiently specific to make the trial
court aware of the grounds of the complaint, and (2) that the trial court ruled adversely. Tucker v.
State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). If the objection is sustained, counsel must then
ask for an instruction to disregard. Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985);
Schumacher v. State, 72 S.W.3d 43, 47 (Tex. App.—Texarkana 2001, pet. ref'd). If the instruction
is given, counsel must then move for a mistrial. Id. If counsel does not pursue the objection to an
adverse ruling, error is not preserved. Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643
(Tex. Crim. App. 1991). 
            Dixon did not object to any part of the State's closing argument. He argues that an objection
was not required because the argument is so prejudicial that an instruction to disregard would not
cure the harm. Traditionally, an improper jury argument which could not be cured did not require
an objection in order to preserve the error for appellate review. Romo v. State, 631 S.W.2d 504,
505–06 (Tex. Crim. App. 1982), overruled, Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996); see Cockrell, 933 S.W.2d at 100 (Baird, J., dissenting). The Texas Court of Criminal Appeals
has rejected this approach and has held that a defendant must object to improper jury argument and
pursue the objection to an adverse ruling.


 Because Dixon did not object to the argument and pursue
the objection to an adverse ruling or even make a timely motion for mistrial based on the argument,
Dixon has not preserved the error, if any, for appellate review. Since error was not preserved, we
will not address whether the State's argument is improper.
 
There is no Fatal Variance
            In his second point of error, Dixon alleges there is a fatal variance between the indictment
and the evidence at trial. The indictment provides that Dixon "did then and there, intentionally and
knowingly cause bodily injury to [R.M.], a child, by hitting the child in the leg with the hand of the
defendant."


 Dixon argues there is a fatal variance because Wolfe testified that Dixon hit R.M. "on
the leg." Dixon contends that, since there is no evidence he injured the inside of R.M.'s leg, there
is a fatal variance. We do not believe that there is any variance between the indictment and the
evidence at trial.
            The discrepancy in dispute did not create a variance between the indictment and the evidence
presented at trial. "A 'variance' occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial." Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App.
2001). The Corpus Christi Court of Appeals rejected a very similar argument in Salinas v. State, 721
S.W.2d 538, 540 (Tex. App.—Corpus Christi 1986, pet. ref'd, untimely filed). In Salinas, the
indictment alleged the means of attempted entry was "by opening a hole in the roof," but the State's
proof showed an entry "in the ceiling of the building." Id. The court held there was no variance
between the indictment and the evidence. Id. The word "in" can be used to indicate a location or
to indicate inclusion within another object. See Merriam Webster's Collegiate Dictionary 585
(10th ed. 1993). Dixon's interpretation of the phrase "in the leg" is that R.M.'s leg must be damaged
on the inside of the leg. However, an equally valid interpretation, indeed a more reasonable
interpretation, is that the phrase "in the leg" refers to the location of the injury. Further, the context
surrounding the phrase "in the leg" clearly indicates that "in" refers to the location of the injury. 
Thus, there is no variance between the indictment and the evidence.
            Even if the difference between the phrase "in the leg" and the phrase "on the leg" did result
in a variance, such a variance would be immaterial. Only a material variance is fatal and merits a
reversal. Gollihar, 46 S.W.3d at 257. "The widely-accepted rule, regardless of whether viewing
variance as a sufficiency of the evidence problem or as a notice-related problem, is that a variance
that is not prejudicial to a defendant's 'substantial rights' is immaterial." Id. at 247–48; see Stevens
v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995); see also Rojas v. State, 986 S.W.2d 241, 246
(Tex. Crim. App. 1998). Determination of whether a defendant's "substantial rights" have been
prejudiced requires consideration of two questions: (1) whether the information, as written,
informed the defendant of the charge against him or her sufficiently to allow him or her to prepare
an adequate defense at trial, and (2) whether prosecution under the deficiently drafted charging
instrument would subject the defendant to the risk of being prosecuted later for the same crime.
Gollihar, 46 S.W.3d at 248 (citing United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). The
burden of demonstrating surprise or prejudice rests with the defendant. Santana v. State, 59 S.W.3d
187, 194 (Tex. Crim. App. 2001). Dixon has not shown that he was surprised or prejudiced by the
variance or that he would be subject to additional prosecutions for the same crime. Thus, even if
there was a variance, such a variance would be immaterial and not merit a reversal.
The Evidence is Sufficient
            Dixon alleges the evidence at trial is not sufficient to support the jury's verdict. Dixon alleges 
there is insufficient evidence because the evidence did not show how red the child's leg was or
whether the child's leg was bruised. 
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307 (1979). This calls on the court to view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
            The State was required to prove that Dixon intentionally or knowingly caused bodily injury
to R.M., a child, by hitting the child in the leg with his hand. Section 22.04 provides that a person
commits an offense "if he intentionally, knowingly, recklessly, or with criminal negligence, by act
. . . causes to a child . . . bodily injury." Tex. Pen. Code Ann. § 22.04(a). For the purposes of this
offense,  "child"  is  defined  as  "a  person  14  years  of  age  or  younger."  Tex.  Pen.  Code  Ann.
§ 22.04(c)(1). Bodily injury means physical pain, illness, or any impairment of physical condition. 
Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon Supp. 2004–2005).
             Viewed in a light most favorable to the prosecution, a rational juror could have found all the
essential elements of injury to a child. Officer Warren, testified that he was dispatched to Dixon's
residence in response to a domestic violence call. At Dixon's residence, Officer Warren interviewed
Dixon and Wolfe. Wolfe had left her two boys in Dixon's care while she took a friend home. Wolfe
testified that, when she returned to the residence, she found R.M., who was two years old at the time,
crying and covered with a small amount of Tabasco sauce. Wolfe testified the Tabasco sauce had
dripped into his hair and onto the pillow. According to Wolfe, Dixon admitted pouring Tabasco
sauce on R.M. While Wolfe was trying to get R.M. to stop crying, Dixon "popped [R.M.] across the
face and told him to shut up." Wolfe testified an argument ensued, and Dixon began hitting her. 
Wolfe asserted that the argument caused R.M. to "[cry] even more," at which point Dixon "reared
back and popped [R.M.] on the leg." Warren testified R.M. had a "red mark across the right side
of his face," a "knot behind his ear that appeared to be swelling," and "a real large handprint on his
leg, thigh area." Wolfe testified R.M. developed bruises on both his face and his leg, which lasted
approximately a week and a half. Wolfe testified R.M. was two years old at the time the injury
occurred. Photographs of R.M.'s face and thigh which were taken on the night of the incident were
introduced into evidence. The evidence that Dixon struck the child and caused the child to cry is
sufficient for the jury to infer that the blow caused pain. Contreras v. State, 54 S.W.3d 898, 904
(Tex. App.—Corpus Christi 2001, no pet.).
            Although the State did not present photographs of the bruises, a reasonable juror could have
believed Wolfe's testimony as to the existence of the bruises. Based on the testimony of Wolfe and
Warren, a rational juror could have concluded beyond a reasonable doubt that Dixon intentionally
or knowingly caused bodily injury to R.M. by hitting R.M. in the leg with his hand and that R.M.
was fourteen years old or younger at the time.
            When reviewing a challenge to the factual sufficiency of the evidence to support the
conviction, we are required to determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02, 
2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004). There are two ways in
which we may find the evidence to be factually insufficient. First, if the evidence supporting the
verdict, considered alone, is too weak to support the jury's finding of guilt beyond a reasonable
doubt, then we must find the evidence insufficient. Id. Second, if—when we weigh the evidence
supporting and contravening the conviction—we conclude the contrary evidence is strong enough
that the State could not have met its burden of proof, we must find the evidence insufficient. Id. 
"Stated another way, evidence supporting guilt can 'outweigh' the contrary proof and still be factually
insufficient under a beyond-a-reasonable-doubt standard." Id. If the evidence is factually
insufficient, then we must reverse the judgment and remand for a new trial. Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996).
            Viewed in a neutral light, a rational juror could have found Dixon guilty of injury to a child
beyond a reasonable doubt. The contrary evidence is not strong enough that the State could not have
met its burden of proof. Wolfe admitted she would sometimes "pop" R.M. in the mouth. Wolfe
alleged she would only do this when R.M., would cuss. Wolfe testified, though, that she would
never slap him across the face. When interviewed at the scene by Officer Warren, Dixon denied ever
pouring Tabasco sauce on R.M. or hitting R.M. on the face, but admitted he had "spanked" R.M. on
the thigh. Matters concerning an evaluation of credibility and demeanor are the sole province of the
jury. Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). After weighing the evidence
supporting and contravening the conviction, the contrary evidence is not strong enough that the State
could not have met its burden of proof. Further, the evidence is not too weak to support the jury's
finding of guilt beyond a reasonable doubt.
            For the reasons stated, we affirm the judgment of the trial court.
 
                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          August 9, 2004
Date Decided:             September 17, 2004

Do Not Publish